IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, | ) | CIV. NO. 12-00304 SOM-BMK |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | RECUSAL OF CHIEF JUDGE SUSAN |
| vs. | ) | OKI MOLLWAY AND MAGISTRATE |
| | ) | JUDGE BARRY M. KURREN |
| HCF WARDEN NOLAN ESPINDA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RECUSAL OF CHIEF JUDGE SUSAN OKI MOLLWAY AND MAGISTRATE JUDGE BARRY M. KURREN

Before the court is Petitioner Peter R. Tia's ("Petitioner") "Motion for Recusal of Judges Mollway and Kurren." Mot., ECF #6. The Motion has been referred to the undersigned pursuant to 28 U.S.C. § 144[1] because Petitioner appears to allege that Chief United States District Judge Susan Oki Mollway and United States Magistrate Judge Barry M. Kurren have a personal bias or prejudice against him. For the following reasons, the Motion for Recusal is DENIED.

### I.   28 U.S.C. §§ 144 & 455

Although he provides no jurisdictional basis for his Motion, this court reviews Petitioner's Motion for Recusal under both 28 U.S.C. § 144 and § 455. Section 144 provides that if

---

[1] 28 U.S.C. § 144 provides in pertinent part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"the judge before whom the matter is pending has a personal bias
or prejudice either against him or in favor of any adverse party,
such judge shall proceed no further [and] another judge shall be
assigned to hear such proceeding," where such allegation has been
made by affidavit or declaration under penalty of perjury.  And
"[u]nder § 455(a) and (b)(1), a district judge is required to
disqualify [herself] if [her] impartiality might reasonably be
questioned or if [she] has a personal bias or prejudice against a
party." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d
564, 566-67 (9th Cir. 1995).

        "Under both recusal statutes, the substantive standard
is whether a reasonable person with knowledge of all the facts
would conclude that the judge's impartiality might reasonably be
questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir.
2008) (citations, quotations, and alterations omitted).  The
alleged bias, however, "must usually stem from an extrajudicial
source." *Id*.  The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a
> valid basis for a bias or partiality motion.  In and of
> themselves . . . they cannot possibly show reliance
> upon an extrajudicial source. . . .  Second, opinions
> formed by the judge on the basis of facts introduced or
> events occurring in the course of the current
> proceedings, or of prior proceedings, do not constitute
> a basis for a bias or partiality motion unless they
> display a deep-seated favoritism or antagonism that
> would make fair judgment impossible.  Thus, judicial
> remarks during the course of a trial that are critical
> or disapproving of, or even hostile to, counsel, the
> parties, or their cases, ordinarily do not support a
> bias or partiality challenge.  They may do so if they

> reveal an opinion that derives from an extrajudicial
> source; and they will do so if they reveal such a high
> degree of favoritism or antagonism as to make fair
> judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).  Further,

"'expressions of impatience, dissatisfaction, annoyance, and even

anger' are not grounds for establishing bias or impartiality, nor

are a judge's efforts at courtroom administration." *Pesnell*, 543

F.3d at 1044 (quoting *Liteky*, 510 U.S. at 555-56).

## II.  DISCUSSION

          Petitioner's Motion is exceedingly unclear.  He claims

that Chief Judge Mollway and Magistrate Judge Kurren violated his

rights to "due process and are in conspiracy to take advantage of

Petitioner's lack of education and knowledge of the law as before

on similar matters in this court."  Mot., ECF #6 at 1.

Petitioner cites to cases he has pursued in this court, on

appeal, and apparently, in the state courts, as well as to

letters he has written to law enforcement, as support for his

claims.  Confusingly, the cases to which Petitioner cites were

not assigned to either Chief Judge Mollway or Magistrate Judge

Kurren.

          For example, Petitioner refers to Civ. No. 11-00421

JMS-KSC,[2] alleging that this case was "terminated short and

shriftly (sic)."  *Id.*  He alleges that the Ninth Circuit Court of

---

          [2] "JMS" refers to United States District Judge J. Michael Seabright and
"KSC" refers to United States Magistrate Judge Kevin S.C. Chang.

3

Appeals unfairly dismissed his appeal of this case without adequate reasons given and "no justice was allowed!"  *Id.* Petitioner also references Civ. No. 11-00459 LEK-KSC,[3] but does not explain why this case is significant to his allegations against Chief Judge Mollway or Magistrate Judge Kurren.  This court is unable to discern what connection Chief Judge Mollway or Magistrate Judge Kurren had to the disposition of either of these cases.

Petitioner next apparently refers to his state criminal case number, 07-1-1443, and complains of trial discrepancies and vague conspiracies involving Chief Judge Mollway.  Mot., ECF #6 1-2.  Again, it is completely unclear what role Judge Mollway played in Petitioner's state criminal proceedings.

Chief Judge Mollway and Magistrate Judge Kurren presided over one of Petitioner's earlier cases, 1:10-cv-00383 SOM-BMK.  This case was dismissed as frivolous and affirmed on appeal.  See ECF #22, and #31.  Chief Judge Mollway also dismissed another of Petitioner's cases, 1:11-cv-00352 SOM-RLP, after finding that Petitioner was barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g).  Petitioner refers to neither of these cases in his Motion for Recusal.

As noted above, a judge should disqualify herself "in any proceeding in which [her] impartiality might reasonably be

---

[3] "LEK" refers to the undersigned.

questioned." *Beverly Hills Bancorp v. Hine*, 752 F.2d 1334, 1341
(9th Cir. 1984).  However, "[u]nfavorable rulings alone are
legally insufficient to require recusal, even when the number of
such unfavorable rulings is extraordinarily high on a statistical
basis." *Id.* (citing *Botts v. United States*, 413 F.2d 41, 44 (9th
Cir. 1969); *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 929-30
(2d Cir. 1980)); *see also Leslie v. Grupo ICA*, 195 F.3d 1152,
1160 (9th Cir. 1999) ("[The plaintiff's] allegations stem
entirely from the district court judge's adverse rulings.  That
is not an adequate basis for recusal.").

        "[E]ven when the judge is initially named in a lawsuit,
where the allegations are so palpably lacking in merit and
integrity, the judge may, and should remain in the case to deal
with the spiteful plaintiff." *Mellow v. Sacramento Cnty.*, 2008
WL 2169447, at *3 (E.D. Cal. May 23, 2008); *United States v.
Majhor*, 2010 WL 3522382, at *1 n. 1 (D. Or. Sept. 3, 2010); *see
also Ignacio v. Judges of U.S. Court of Appeals for Ninth
Circuit*, 453 F.3d 1160, 1164-65 (9th Cir. 2006) (holding that
where the plaintiff had indiscriminately sued the entire Ninth
Circuit, that court could nonetheless hear the case under the
rule of necessity, which provides that a judge is not
disqualified to try a case if the "case cannot be heard
otherwise"); *United States v. Studley*, 783 F.2d 934, 940 (9th
Cir. 1986) ("A judge is not disqualified by a litigant's suit or

threatened suit against him, or by a litigant's intemperate and scurrilous attacks." (citation and quotation marks omitted)).

Petitioner's Motion to Recuse Chief Judge Mollway and Magistrate Judge Kurren appears unfounded.  Nothing is provided to convince this court that either Chief Judge Mollway or Magistrate Judge Kurren have done anything that might reasonably call into question their impartiality.  Petitioner's Motion for Recusal is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 29, 2012.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. Espinda,* 1:12-cv-00304 SOM-BMK; ORDER DENYING MOTION FOR RECUSAL; psas\Recusal Ords\Tia 12-304 (recusal of SOM & BMK)

6