IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, | CIV. NO. 12-00304 SOM-BMK |
| Petitioner, | ORDER DENYING MOTION FOR RECUSAL OF CHIEF JUDGE SUSAN OKI MOLLWAY AND MAGISTRATE JUDGE BARRY M. KURREN |
| vs. | |
| HCF WARDEN NOLAN ESPINDA, | |
| Respondent. | |

**ORDER DENYING MOTION FOR RECUSAL OF CHIEF JUDGE SUSAN OKI MOLLWAY AND MAGISTRATE JUDGE BARRY M. KURREN**

Before the court is Petitioner Peter R. Tia's ("Petitioner") "Motion for Recusal of Judges Mollway and Kurren." Mot., ECF #6. The Motion has been referred to the undersigned pursuant to 28 U.S.C. § 144[1] because Petitioner appears to allege that Chief United States District Judge Susan Oki Mollway and United States Magistrate Judge Barry M. Kurren have a personal bias or prejudice against him. For the following reasons, the Motion for Recusal is DENIED.

### I. 28 U.S.C. §§ 144 & 455

Although he provides no jurisdictional basis for his Motion, this court reviews Petitioner's Motion for Recusal under both 28 U.S.C. § 144 and § 455. Section 144 provides that if

---

[1] 28 U.S.C. § 144 provides in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further [and] another judge shall be assigned to hear such proceeding," where such allegation has been made by affidavit or declaration under penalty of perjury. And "[u]nder § 455(a) and (b)(1), a district judge is required to disqualify [herself] if [her] impartiality might reasonably be questioned or if [she] has a personal bias or prejudice against a party." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995).

"Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotations, and alterations omitted). The alleged bias, however, "must usually stem from an extrajudicial source." *Id.* The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they

reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, "'expressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." *Pesnell*, 543 F.3d at 1044 (quoting *Liteky*, 510 U.S. at 555-56).

## II. DISCUSSION

Petitioner's Motion is exceedingly unclear. He claims that Chief Judge Mollway and Magistrate Judge Kurren violated his rights to "due process and are in conspiracy to take advantage of Petitioner's lack of education and knowledge of the law as before on similar matters in this court." Mot., ECF #6 at 1. Petitioner cites to cases he has pursued in this court, on appeal, and apparently, in the state courts, as well as to letters he has written to law enforcement, as support for his claims. Confusingly, the cases to which Petitioner cites were not assigned to either Chief Judge Mollway or Magistrate Judge Kurren.

For example, Petitioner refers to Civ. No. 11-00421 JMS-KSC,[2] alleging that this case was "terminated short and shriftly (sic)." *Id.* He alleges that the Ninth Circuit Court of

---

[2] "JMS" refers to United States District Judge J. Michael Seabright and "KSC" refers to United States Magistrate Judge Kevin S.C. Chang.

Appeals unfairly dismissed his appeal of this case without adequate reasons given and "no justice was allowed!" *Id.* Petitioner also references Civ. No. 11-00459 LEK-KSC,[3] but does not explain why this case is significant to his allegations against Chief Judge Mollway or Magistrate Judge Kurren. This court is unable to discern what connection Chief Judge Mollway or Magistrate Judge Kurren had to the disposition of either of these cases.

Petitioner next apparently refers to his state criminal case number, 07-1-1443, and complains of trial discrepancies and vague conspiracies involving Chief Judge Mollway. Mot., ECF #6 1-2. Again, it is completely unclear what role Judge Mollway played in Petitioner's state criminal proceedings.

Chief Judge Mollway and Magistrate Judge Kurren presided over one of Petitioner's earlier cases, 1:10-cv-00383 SOM-BMK. This case was dismissed as frivolous and affirmed on appeal. See ECF #22, and #31. Chief Judge Mollway also dismissed another of Petitioner's cases, 1:11-cv-00352 SOM-RLP, after finding that Petitioner was barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g). Petitioner refers to neither of these cases in his Motion for Recusal.

As noted above, a judge should disqualify herself "in any proceeding in which [her] impartiality might reasonably be

---

[3] "LEK" refers to the undersigned.

questioned." *Beverly Hills Bancorp v. Hine*, 752 F.2d 1334, 1341 (9th Cir. 1984). However, "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." *Id.* (citing *Botts v. United States*, 413 F.2d 41, 44 (9th Cir. 1969); *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 929-30 (2d Cir. 1980)); *see also Leslie v. Grupo ICA*, 195 F.3d 1152, 1160 (9th Cir. 1999) ("[The plaintiff's] allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal.").

"[E]ven when the judge is initially named in a lawsuit, where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." *Mellow v. Sacramento Cnty.*, 2008 WL 2169447, at *3 (E.D. Cal. May 23, 2008); *United States v. Majhor*, 2010 WL 3522382, at *1 n. 1 (D. Or. Sept. 3, 2010); *see also Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1164–65 (9th Cir. 2006) (holding that where the plaintiff had indiscriminately sued the entire Ninth Circuit, that court could nonetheless hear the case under the rule of necessity, which provides that a judge is not disqualified to try a case if the "case cannot be heard otherwise"); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or

threatened suit against him, or by a litigant's intemperate and scurrilous attacks." (citation and quotation marks omitted)).

Petitioner's Motion to Recuse Chief Judge Mollway and Magistrate Judge Kurren appears unfounded.  Nothing is provided to convince this court that either Chief Judge Mollway or Magistrate Judge Kurren have done anything that might reasonably call into question their impartiality.  Petitioner's Motion for Recusal is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 29, 2012.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. Espinda,* 1:12-cv-00304 SOM-BMK; ORDER DENYING MOTION FOR RECUSAL; psas\Recusal Ords\Tia 12-304 (recusal of SOM & BMK)