IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, #A1013142, | ) | NO. 1:12-cv-00304 SOM/BMK |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | WITH PREJUDICE AND DENYING |
| vs. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| NOLAN ESPINDA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

### ORDER DISMISSING PETITION WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Before the court is Peter R. Tia's petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). Tia challenges his sentence in CR No. 07-01-1443. *See* Pet., ECF #1. Respondent has filed a Preliminary Answer and Supplemental Brief. ECF #22, #33. Tia has filed numerous documents in support of his Petition and in response to the OSC, Preliminary Answer, and Supplemental Brief.[1]

Because Tia's claims are unexhausted and procedurally barred, the Petition is DISMISSED with prejudice pursuant to 28 U.S.C. § 2254(b). A certificate of appealability is DENIED.

### I. BACKGROUND

On May 22, 2008, a jury found Tia guilty of Promoting a Dangerous Drug in the Second Degree in violation of Hawaii

---

[1] Tia's documents are difficult to comprehend and creatively labeled. The court has endeavored to read and liberally construe all of his "Notices," letters, responses, and motions as part of his arguments in support of the Petition when possible. *See e.g.*, ECF #9, #18, #21, #23, #25-#29, #34-36, #38.

Revised Statutes ("Haw. Rev. Stat.") § 712-1242 (Count I) and Promoting a Dangerous Drug in the Third Degree in violation of Haw. Rev. Stat. § 712-1243 (Count II).  *See* App. B, ECF #22-3 PageID #16 (*State v. Tia*, No. 29752 (Haw. App. Jul. 29, 2010) (summary disposition order)).  He was sentenced to ten years of imprisonment for Count I and five years of imprisonment for Count II, with a mandatory minimum sentence of three years and four months as a repeat offender.  *Id.*  These sentences were to run concurrently with each other and with Tia's conviction in CR No. 08-1-0985.  On January 29, 2009, the Circuit Court of the First Circuit ("circuit court") entered an Amended Judgment of Conviction and Sentence ("Amended Judgment").  *Id.*

Tia's court-appointed appellate counsel, Venetia Carpenter-Asui, Esq., raised one issue on appeal: whether Tia had been sufficiently identified as the person previously convicted in CR. No. 96-0703, such that he could be sentenced as a repeat offender.  ECF #22-5 PageID #178-185.  On July 29, 2010, the Hawaii Intermediate Court of Appeals ("ICA") affirmed Tia's sentence as a repeat offender, finding that Tia did not make a good faith challenge to the presentence report, as required under Hawaii law.  ECF #22-1, PageID #146.  Tia did not seek *certiorari* to the Hawaii Supreme Court.[2]  Judgment on appeal was entered on

---

[2] Review by the Hawaii Supreme Court is unnecessary to exhaust habeas claims in Hawaii. *See* Haw. R. App. P. 40.3 (2009); *see also Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999).

August 19, 2010.[3]  ECF #22-7, PageID #225.

On or about December 28, 2010, Tia signed a pleading he titled "Defendant's Motion For Release On His Own Recognizance Or Alternative," and sent it to the state circuit court. Resp.'s App. C., ECF #33-3 PageID #330-31.  It is unclear when Tia gave this document to prison officials for mailing, but it was received in the state circuit court on January 20, 2011.  On or about March 16, 2011, the state court designated this document as a Nonconforming Rule 40 Petition pursuant to Hawaii Rules of Penal Procedure ("Haw. R. Penal P.") Rule 40(c)(2).  Resp.'s App. B., ECF #33-2 PageID #328.  In this pleading, Tia sought release on his own recognizance or to a drug court program, alleging that his minimum term had expired.  Tia vaguely argued that his "court appointed counsels"[4] had not "properly" informed him of his rights, that he had served his minimum term, and that he had a hearing scheduled before the Hawaii Paroling Authority in January 2011.  Resp.'s App. C, ECF #33-3 PageID #330-331.

The circuit court instructed Tia to submit an amended

---

[3] Respondent originally asserted that Tia never filed a post-conviction petition challenging his conviction in CR No. 07-1-1443.  See Answer, ECF #22-1, PageID #149-50.  Respondent now concedes that Tia filed a nonconforming state petition for post-conviction relief, but argues that the petition was not "properly filed" within the meaning of § 2244(d)(2).

[4] Tia was represented by Stuart N. Fujioka, Esq., at trial, Michael Park, Esq., at sentencing, and Carpenter-Asui on appeal.  See Answer, ECF #22-1 PageID# 144.

3

petition on the court's form, and to pay the filing fee or submit an *in forma pauperis* application, on or before April 17, 2011, or risk dismissal of the petition for failing to comply with state rules. *Id.* PageID #329; *see also* Haw. R. Penal P. 40(c)(2)(i-iii). On April 4, 2011, Tia responded that the state circuit judge was "in cahoots" with the Ninth Circuit Court of Appeals and United States District Judge Helen Gillmor to deny his rights. Resp.'s App. D, ECF #33-4, PageID 336.

On April 5, 2011, the state circuit court sent Tia a second letter, again explaining the deficiencies in his Nonconforming Rule 40 Petition and notifying him that he had to comply with Rule 40(c) on or before April 17, 2011. *Id.*, ECF #22-5, PageID #338-39. After waiting more than a month and receiving nothing further from Tia, the state circuit court dismissed the Nonconforming Rule 40 Petition based on Tia's failure to comply with state rules and conform the pleading "with the requirements of HRPP Rule 40, HRPP Rule 40(c), and HRPP's appendix, including Form A and Form B." Resp.'s App. F, ECF #33-6 PageID #349 (dated May 10, 2011).

Tia signed the present federal habeas petition on May 13, 2012, and the court received and filed it on May 16, 2012. Tia raises four ineffective assistance of counsel claims against: (1) appellate counsel Carpenter-Asui for failing (a) to move for a reduction of sentence after the Hawaii Supreme Court vacated

his conviction in CR. No. 08-1-0985, for which he was serving a concurrent sentence (Ground One), and (b) to raise other undisclosed issues on appeal (Ground Four); (2) trial counsel Fujioka, for failing to secure for Tia participation in a drug rehabilitation program in lieu of incarceration (Ground Two); and (3) sentencing counsel Park, for failing to object to the State's motion to sentence Tia as a repeat offender (Ground Three).  ECF #1, Pet. at 3, 5, 7, & 9.

## II.   EXHAUSTION AND PROCEDURAL DEFAULT

**A.   Exhaustion**

A prisoner seeking federal habeas corpus relief must exhaust his claims in the state courts prior to filing a petition for a writ of habeas corpus in federal court.  28 U.S.C. §§ 2254(b) and (c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003) (*en banc*).  "The exhaustion-of-state-remedies doctrine . . . reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks, citations and footnote omitted); *O'Sullivan*, 528 U.S. at 844-45.  "The exhaustion doctrine is principally designed to protect the state

courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

To properly exhaust habeas claims, a petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard*, 404 U .S. at 276.  To fully exhaust, a petitioner must alert the state court "to the fact that the prisoner [is] asserting claims under the United States Constitution" and must give the state court an opportunity to correct alleged violations of the petitioner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

Thus, a habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.  A petitioner must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *Peterson*, 319 F.3d at 1156 (petitioner must have no state remedies available to him at the time he files his federal habeas petition).

**B.    Procedural Default**

A habeas petitioner's unexhausted claims may be

procedurally barred from federal review in two ways.  First, a claim may be precluded if it was actually raised in state court but rejected on state procedural grounds.  *Coleman*, 501 U.S. at 729-30.  The procedural bar relied on by the state court must be independent of federal law and adequate to warrant preclusion of federal review.  *See Harris v. Reed*, 489 U.S. 255, 262 (1989).  A state procedural bar is not adequate unless it was firmly established and regularly followed at the time of the purported default.  *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).

Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court, or failed to fairly present it as a federal claim, and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims.  *Reed v. Ross*, 468 U.S. 1, 9 (1984).  As a general matter, this court does not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to

7

properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court.  *Coleman*, 501 U.S. at 750.

**C.   Avenues for Exhaustion in Hawaii**

In Hawaii, petitioners may exhaust their federal constitutional claims on direct appeal and through petitions for post-conviction relief brought pursuant to Haw. R. Penal P. 40. Rule 40 provides that state prisoners are precluded, or procedurally barred, from obtaining post-conviction relief on issues they have "knowingly and understandingly" waived by failing to raise the issues before trial, at trial, on appeal, or by any other means, and there are no "extraordinary circumstances" justifying the failure to raise the issue.  Haw. R. Penal P. 40(a)(3).

The Ninth Circuit has held that Rule 40(a)(3) is consistently applied and an adequate and independent state procedural rule sufficient to support procedural default. *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003); *see also Elizares v. Parker*, 2007 WL 2048832, at *2-3 (D. Haw. July 12, 2007) (adopting the Magistrate Judge's finding that Rule 40(a)(3) is an adequate and independent state procedural rule sufficient to support a finding of procedural default), *aff'd*, 2009 WL 766506 (9th Cir. Mar. 24, 2009).

Thus, in Hawaii, if no remedies are currently available pursuant to Rule 40, the claim is "technically" exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray*, 518 U.S. at 161-62; *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010) (equating technical exhaustion with implied procedural bar).

### III. DISCUSSION

Tia's claims in the present Petition are unexhausted, procedurally defaulted, and not subject to exception to the procedural bar doctrine.

**A.   Exhaustion**

Tia failed to fairly present his present claims alleging ineffective assistance of each of his attorneys to the state courts. On direct appeal, Tia raised one claim, challenging his sentence as a repeat offender under state law. Carpenter-Asui, his appellate attorney, could not raise an ineffectiveness claim against herself, as Tia raises now, nor could she move for a reduction in his sentence based on the reversal of his conviction in CR. No. 08-1-0985, because that conviction had not yet been overturned when Tia was on direct appeal.

Tia's Nonconforming Rule 40 Petition was wholly based on an alleged violation of state law and presented no federal legal theory for his claims. To the extent that it vaguely

9

suggested that his attorneys were ineffective for failing to pursue alternative sentences, such as drug court, rehabilitation, or outright release after his other conviction was reversed and his minimum term allegedly expired, this putative claim is unexhausted because the petition raised no federal claims or legal theories and was dismissed for Tia's failure to comply with Haw. R. Penal P. 40(c)(2).[5]  Tia never appealed this ruling. Hawaii's appellate courts have therefore never ruled on Tia's ineffective assistance of counsel claims, and the present Petition is completely unexhausted.

**B.    Procedural Bar**

When a petitioner fails to exhaust his claims, the federal court must determine if he has any available remaining remedies in state court.  *See Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy).  The court must assess the likelihood that a state court will allow a determination on the merits of his claim in a

---

[5] Tia neither paid the filing fee, sought *in forma pauperis* status, nor submitted his Nonconforming Rule 40 Petition on court forms as directed by the state circuit court and required under Haw. R. Penal P. 40(c)(2)(i-iii).  It further appears that his petition was never "properly filed" under state law, although this goes to whether it is time-barred rather than exhausted. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that, to be properly filed, a state petition must comply with state prefiling conditions, including conditions relating to the form of the petition, time limits, filing in the correct court, and submission of the filing fee).

subsequent proceeding.  *See Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir. 2001).

Tia raised *no* claims under federal law on direct appeal or in his Nonconforming Rule 40 Petition.  Nor did the ICA address his claim on direct appeal pursuant to federal law.  *See Howell v. Mississippi*, 543 U.S. 440, 443 (2005) (declining to consider a habeas challenge that was neither presented to nor addressed by the state supreme court as a federal issue).

To the extent Tia suggested ineffective assistance of appellate counsel in his Nonconforming Rule 40 Petition, it was dismissed as procedurally defaulted for his failure to pay or conform that petition to state rules.  This court concludes that if Tia returned to state court and attempted to raise the claims herein as federal issues, the state court would dismiss them as knowingly and intelligently waived or previously ruled upon under Haw. R. Penal P. 40(a)(3).  Tia's claims are therefore procedurally defaulted because he no longer has an available state remedy.  *See Coleman*, 501 U.S. at 732, 735 n.1; *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (*en banc*).

   1.   ***No Showing of Cause or Prejudice***

When a state prisoner procedurally defaults his federal claims in state court, federal habeas review is precluded unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the

claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

To demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (examples include government interference or reasonable unavailability of factual basis for claim). To establish prejudice, the petitioner "bears the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989). *See United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to demonstrate cause, however, the federal court need not consider the issue of prejudice. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).

Tia fails to demonstrate cause for his failure to fairly present his federal claims to the state court on direct review or in his Nonconforming Rule 40 Petition. He neither rebuts Respondent's argument that his claims are procedurally defaulted, nor sets forth any argument that some objective factor

external to the defense impeded his efforts to fairly present his claims as federal issues. Tia was represented by counsel on direct appeal, and provides correspondence showing that there was detailed communication between Carpenter-Asui and himself during his appeal. *See* Pet'r Notice, Exh. A, ECF #23-1 PageID #231; Mot., Exh. A, ECF #26-1 PageID #292. Carpenter-Asui could have raised ineffective assistance of counsel claims against Park and Fujioka, but it is clear that she studied his case and chose to concentrate on the one claim that she raised. *See* Notice, Exh. A, ECF #23-1 PageID #231 (stating she agreed with Park's assessment as to appealable issues and disagreed with Fujioka, and informing Tia of his options).

Moreover, Tia cannot use Carpenter-Asui's failure to raise any federal claims as cause to excuse his default, because he never raised a separate and exhausted claim of ineffective assistance of appellate counsel in the state court. *See Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (holding that ineffective assistance of counsel may constitute sufficient cause to excuse a default, "only if the procedural default was a result of an independent constitutional violation").

Tia was also given every opportunity to conform his Nonconforming Rule 40 Petition to state court rules before it was dismissed. Rather than doing so, and at that time clarifying his vague claims, Tia chose to ignore the state court's instructions,

blame his problems on a conspiracy between the federal and state courts, and decline to pay or file an amended petition.  Tia does not meet his burden by demonstrating cause to excuse the procedural default of these counts and the court need not reach the issue of actual prejudice.  *See Smith v. Murray*, 477 U.S. 528, 533 (1986).

### 2. *No Fundamental Miscarriage of Justice*

A petitioner may overcome a procedural bar if he can demonstrate "that failure to consider the claims will result in a fundamental miscarriage of justice."  *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  The "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. Aug. 2, 2011) (holding that the actual innocence exception applies to time-barred claims).  The required evidence must create a colorable claim of actual innocence, that is, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error.  *Schlup*, 513 U.S. at 321.  A successful claim of actual innocence, "requires a petitioner to support his allegations . . . with new reliable evidence" that was not and could not have been presented at trial to show that "it is more likely than not that no reasonable juror

would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327; *see also*, *Lee*, 653 F.3d at 937.

Tia does not assert that he is actually innocent, provide newly discovered evidence that would support such a claim, or make any other showing of actual innocence. He confines himself to arguing that he is entitled to be released because he has served his minimum term and his second conviction has been vacated. Tia, however, concedes that he was appropriately sentenced as a repeat offender based on his 1996 conviction.[6]

Moreover, there is no miscarriage of justice here, because, contrary to what he is essentially claiming, Tia has no right to release before his full term expires. *See Swarthout v. Cooke*, --- U.S. ----, 131 S. Ct. 859, 862 (2011) (*per curiam*) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *see also Greenholtz v. Nebraska*, 442 U.S. 1, 7 (1979).

Tia fails to show that he is entitled to review of his procedurally defaulted claims based on cause, prejudice, or

---

[6] Tia concedes that he was "2 months inside the window of his [conviction in] No. 96-0703," admitting that, when sentenced, he qualified as a repeat offender under Haw. Rev. Stat. § 706-606.5. Pet., ECF #1 at 5 (").

15

actual innocence.  His Petition is therefore unexhausted and procedurally barred from federal review.

**D.   Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is decided.  Tia cannot make a substantial showing that this court's procedural ruling is incorrect and that he has been denied a constitutional right.  Accordingly, this court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b).  *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Cooper v. Calderon*, 308 F.3d 1020, 1021-22, n.2 (9th Cir. 2002).

### III.   CONCLUSION

Tia's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DISMISSED with prejudice as unexhausted and procedurally barred.  Any request for certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 31, 2012.



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tia v. Espinda*, Civ. No. 1:12-cv-00304 SOM, ORDER DISMISSING PETITION WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY; G:\docs\prose attys\Habeas\DMP\2012\Exh. & Proc. bar\Tia 12-304\Tia 12cv304 SOM (#2 unexh. & proc. barr'd).wpd